James D. Emerson, No. 042031

LAW OFFICES OF
**EMERSON, COREY & SORENSEN**
2520 WEST SHAW LANE, SUITE 102
FRESNO, CALIFORNIA 93711-2765
Telephone: (559) 432-7641
Facsimile:   (559) 432-7639

Attorneys for Defendant, CHAMBLIN-LANDES CONSTRUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN VENTIMIGLIA, individually, and as the Guardian Ad Litem for STEPHEN VENTIMILIA and KELLIE VENTIMILIA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHAMBLIN-LANDES CONSTRUCTION, INC., a California corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  C07 05481 RS<br><br>**DEFENDANT CHAMBLIN-LANDES CONSTRUCTION, INC.'S ANSWER TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>COMPLAINT FILED:   October 26, 2007 |

Defendant CHAMBLIN-LANDES CONSTRUCTION, INC., (hereinafter Defendant), answers the Complaint for Damages as follows:

**DEMAND FOR JURY TRIAL**

Demand for jury trial is hereby made pursuant to F.R.C.P. 38 and Local Rule 3-6(a).

**JURISDICTION AND VENUE**

1.  This answering Defendant denies that Plaintiffs have suffered any injury, but admits that the United States District Court for the Northern District of California has jurisdiction of this matter in response to Paragraph 4.

**GENERAL ALLEGATIONS**

1. Answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in said paragraph, and on that basis denies each and every contained therein. Defendant admits that California Code of Civil Procedure permits a spouse to bring an action for wrongful death.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. This answering Defendant denies that Plaintiffs have suffered any injury, but admits that the United States District Court for the Northern District of California has jurisdiction of this matter in response to Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every contained therein.

9. Defendant admits that it is a California corporation with its principle place of business in Paso Robles. Defendant denies that it was doing business in the County of Monterey, State of California, at all times hereto.

///

1  |  10.  Answering Paragraph 10 of the Complaint, Defendant admits that decedent Joseph Ventimiglia drowned at the Monterey Pines Golf Course on or about November 29, 2005. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the decedent was playing golf at the Monterey Pines Golf Course, that decedent was in the process of playing his round of golf, or that the decedent accidentally slipped and fell into a pond located at or about the third hole in the golf course, and on that basis denies these allegations.

11.  Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12.  Answering Paragraph 12 of the Complaint, Defendant hereby incorporates by reference its admissions and denials set forth in Paragraphs 1 through 11 of this section of the Answer concerning denials on the basis that Plaintiffs have incorporated by reference their allegations set forth in Paragraphs 1 through 11 of the Complaint in Paragraph 12.

13.  Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that on November 29, 2005, decedent went to play golf at Monterey Pines Golf Course, and on that basis denies the allegation. Defendant admits that the Monterey Pines Golf Course is located at 1250 Garden Road, Monterey, California.

14.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies each and every allegation contained therein.

15.  Answering Paragraph 15 of the Complaint, Defendant admits that adjacent to the third hole of the Monterey Pines Golf Course there is a large pond. Defendant is without sufficient knowledge or information as to whether the pond served as a known obstacle for those using the Monterey Pines Golf Course. Defendant denies that the pond presents an unreasonably dangerous condition and that it was unusually deep. Defendant admits that the pond was lined with black plastic and that it had steep sides, but is without sufficient knowledge or information as to whether the black plastic was slippery at the time of the accident. Defendant is without sufficient knowledge or information as to whether the pond had terraced edges, lifelines, or safety rails at the time of the accident.

16. Defendant admits that it modified the pond in or about 2003, but denies that it re-designed, repaired, or constructed the pond.

17. Answering Paragraph 17 of the Complaint, Defendant admits that the Monterey Pines Golf Course was owned and controlled by the federal government of the United States of America through the United States Department of the Navy. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the Department of the Navy or the U.S.A. designed, constructed, managed and maintained the golf course, and on that basis denies these allegations.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that the decedent was playing golf on November 29, 2005, at Monterey Pines Golf Course, or that the decedent was in the course of play and fell into the third hole pond, and on that basis denies these allegations. Defendant admits that the decedent drowned on November 29, 2005.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies each and every allegation contained therein.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies each and every allegation contained therein.

24. Defendant is without sufficient knowledge or information to form a belief as to the contents of the "Results of Death Scene Examination" set forth in Paragraph 24, and on that basis denies each and every allegation contained therein.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies each and every allegation contained therein.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies each and every allegation contained therein.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

1. Said complaint does not state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

2. Said complaint, and each cause of action stated therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 312, 316, 317, 335. 1, 338, 340, 340.1, 340.2, 340.3 and 343.

## THIRD AFFIRMATIVE DEFENSE

### No Duty Owed to Plaintiffs

3. This answering Defendant alleges that at all times and places referred to in said complaint, and in each cause of action therein stated, such actions are barred by reason of the fact that this answering defendant owed and owes no duty to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### Comparative Negligence

4. That at all times and places referred to in said complaint, decedent was himself negligent in and about the matters therein alleged, and said negligence directly and proximately

///

contributed to the happening of the alleged incident, the alleged causes of action, and to the damages, if any, thereby sustained.

### FIFTH AFFIRMATIVE DEFENSE

**Acts of Others**

5.   This answering Defendant alleges that the sole and proximate cause of the alleged incident giving rise to this action was due to the acts and/or omissions of persons or entities other than this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

**Failure to Mitigate**

6.   That the Plaintiffs could have mitigated and reduced the amount of claimed damages by the exercise of reasonable efforts; however, Plaintiffs failed to exercise such reasonable efforts at mitigation, all to this answering Defendant's detriment.

### SEVENTH AFFIRMATIVE DEFENSE

**Civil Code § 1431.2**

7.   That under the law of comparative negligence and the provisions of Civil Code section 1431.2, this answering Defendant should be required to pay only in proportion to its own negligence, if any, by way of any judgment in the above matter.

### EIGHTH AFFIRMATIVE DEFENSE

**Civil Code § 3333.4**

8.   That pursuant to Civil Code section 3333.4, Plaintiffs are barred from recovering non-economic damages and accordingly any amount awarded as and for non-economic damages should be struck and judgment, if any, entered only on economic damages proven in accordance with the law.

### NINTH AFFIRMATIVE DEFENSE

**Reservation of Defenses**

9.   This answering Defendant hereby reserves the right to assert any additional defenses as may be applicable to this action.

///

WHEREFORE, Defendant makes a demand pursuant to Rule 38 of the Federal Rules of Civil Procedure that the above-entitled matter be tried by and before a jury to the extent provided by law and pray for judgment as follows:

1. That judgment be rendered in favor of Defendant against Plaintiffs;

2. That Plaintiffs take nothing from this action;

3. That Defendant be awarded costs of suit and attorney's fees; and

4. That Defendant be awarded such other relief as this Court deems proper.

DATED: December 17, 2007

                                      EMERSON, COREY & SORENSEN

                                      By _____
                                            James D. Emerson
                                            Attorneys for Defendant,
                                            CHAMBLIN-LANDES CONSTRUCTION, INC.