JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   claire.cormier@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN VENTIMIGLIA, individually, and as the Guardian Ad Litem for STEPHEN VENTIMILIA and KELLIE VENTIMILIA,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, CHAMBLIN-LANDES CONSTRUCTION, INC., a California corporation, and DOES 1-50, inclusive,<br><br>    Defendants | No. 07-05481 RS<br><br>ANSWER OF DEFENDANT UNITED STATES OF AMERICA |

Defendant United States of America, by and through counsel, Joseph P. Russoniello, United States Attorney for the Northern District of California, and Claire T. Cormier, Assistant United States Attorney for said District, answers the Complaint For Damages - (1) Wrongful Death ("Complaint") in like numbered paragraphs as follows:

    1. Defendant United States of America admits the substantial truth of the allegations in Paragraph 1 of the Complaint.

//

ANSWER OF DEFENDANT USA
Case No. 07-05481 RS

2. Paragraph 2 states conclusions and questions of law to be determined solely by the Court and to which no response is required. To the extent an answer is required, each and every allegation contained in paragraph 2 is denied.

3. Paragraph 3 states conclusions and questions of law to be determined solely by the Court and to which no response is required. To the extent an answer is required, each and every allegation contained in paragraph 3 is denied.

4. Defendant United States of America admits the substantial truth of the allegations in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the complaint, Defendant United States of America alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering defendant. To the extent an answer is required, Defendant United States of America denies said allegations.

6. Answering Paragraph 6 of the complaint, Defendant United States of America alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering defendant. To the extent an answer is required, Defendant United States of America denies said allegations."

7. Defendant United States of America admits the substantial truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant United States of America admits the substantial truth of the allegations in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the complaint, Defendant United States of America alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering defendant. To the extent an answer is required, Defendant United States of America denies said allegations.

10. Defendant United States of America is without sufficient information to admit or deny the allegations of this paragraph. Therefore, said allegations are denied.

11. Defendant United States of America admits that the Plaintiffs presented a claim for Damage, Injury or Death to the United States of America, through the Department of the Navy,

1  on November 21, 2006, and that the Department of the Navy rejected plaintiff's claims in a
2  letter dated May 18, 2007.
3      12. Defendant United States of America incorporates herein as if set forth at length its
4  answers to Paragraphs 1 through 11.
5      13. Defendant United States of America is without sufficient information to admit or
6  deny the allegations of this paragraph. Therefore, said allegations are denied.
7      14. Defendant United States of America admits that the Decedent was a retired
8  Department of Defense employee who had an annual pass to play golf at the U.S. Navy's
9  MPGC. Defendant United States of America denies the remaining allegations contained in
10  paragraph 14.
11      15. Defendant United States of America admits that adjacent to the third hole of MPGC
12  is a large pond which serves as an obstacle for those using the MPGC. Defendant United States
13  of America denies the remaining allegations contained in paragraph 15.
14      16. Defendant United States of America admits that in 2003, it contracted with
15  Defendant Chamblin-Landes Construction, Inc., to make modifications to the alleged pond.
16      17. Defendant United States of America admits that it owned, managed, operated and
17  maintained control of the MPGC. Said Defendant denies the remaining allegations contained in
18  paragraph 17.
19      18. Defendant United States of America admits the substantial truth of the allegations
20  in Paragraph 18 of the Complaint.
21      19. Defendant United States of America denies each and every allegation contained in
22  paragraph 19 of the Complaint.
23      20. Defendant United States of America denies each and every allegation contained in
24  paragraph 20 of the Complaint.
25      21. Paragraph 21 states conclusions and questions of law to be determined solely by the
26  Court and to which no response is required. To the extent an answer is required, each and every
27  allegation contained in paragraph 21 is denied.
28  //

1     22. Defendant United States of America admits the substantial truth of the allegations in Paragraph 22 of the Complaint.

    23. Defendant United States of America admits the substantial truth of the allegations in Paragraph 23 of the Complaint.

    24. Defendant United States of America admits the substantial truth of the allegations in paragraph 24 of the Complaint.

    25. Defendant United States of America admits that the U.S. Naval Criminal Investigative Service report included a summary of an interview with an MPGC employee which noted that her uncle told her that he witnessed a golfer slip into the pond near hole three several weeks prior to November 29, 2005 and another golfer pulled the stranded golfer out of the pond. Said Defendant also admits that a U.S. Naval Criminal Investigative Service report included a December 21, 2005 summary of an interview with that MPGC employee's uncle who stated he had witnessed another golfer fall into the hole three pond at MPGC in the summer of 2004, that the man's hands and feet were unable to get traction on the plastic that lined the bank of the pond, and that the witness and his friends grabbed the man by the belt loop and pulled him out of the pond.  Said Defendant denies the remaining allegations contained in paragraph 25.

    26. Paragraph 26 states conclusions and questions of law to be determined solely by the Court and to which no response is required. To the extent an answer is required, each and every allegation contained in paragraph 26 is denied.

    27. Defendant United States of America admits the substantial truth of the allegations in Paragraph 27 of the Complaint.

    28. Paragraph 28 states conclusions and questions of law to be determined solely by the Court and to which no response is required. To the extent an answer is required, each and every allegation contained in paragraph 28 is denied.

//

//

1  29. Paragraph 29 states conclusions and questions of law to be determined solely by the
2  Court and to which no response is required. To the extent an answer is required, each and every
3  allegation contained in paragraph 29 is denied.

4  30. Paragraph 30 states conclusions and questions of law to be determined solely by the
5  Court and to which no response is required. To the extent an answer is required, each and every
6  allegation contained in paragraph 30 is denied.

7  31. Paragraph 31 states conclusions and questions of law to be determined solely by the
8  Court and to which no response is required. To the extent an answer is required, each and every
9  allegation contained in paragraph 31 is denied.

10  The paragraph beginning with "WHEREFORE" sets forth Plaintiffs' prayer for relief to
11  which no response is required. To the extent this paragraph is deemed to contain allegations of
12  material fact, they are denied.

13  All allegations not specifically responded to above are denied.

14  AND FURTHER answering, Defendant United States of America avers:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17  Defendant denies that it or any of its agents or employees were negligent and/or
18  breached any standard of care due the Plaintiff or decedent and/or engaged in any conduct
19  which was the proximate cause of the injuries, damages and losses allegedly incurred by
20  Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

22  Defendant contests the amount and/or necessity of any claim of damages for which
23  Plaintiff seeks relief in her complaint.

### THIRD AFFIRMATIVE DEFENSE

25  To the extent Plaintiffs are entitled to recover damages from the United States in this
26  action, the United States is entitled to a credit or set-off for any past or future benefits paid to or
27  on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and
28  statutory law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may recover only those damages allowed under the law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to absolute, sovereign, and/or qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of any employee of the United States.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his employment.

**NINTH AFFIRMATIVE DEFENSE**

Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff's decedent and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

**TENTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2675, Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States.

**ELEVENTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States of America.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover attorney's fees from the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial as to her claims against the United States of America.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Court does not have jurisdiction to hear this case because it is based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government. 28 U.S.C. § 2680(a).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant United States of America reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

**WHEREFORE**, having fully answered all counts of the Complaint, Defendant prays that Plaintiff take nothing by way of her Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

DATED: January 14, 2008        JOSEPH P. RUSSONIELLO
                               United States Attorney

                               /s/ Claire T. Cormier

                               CLAIRE T. CORMIER
                               Assistant United States Attorney