```
1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CSBN 154364)
   Assistant United States Attorney
4      150 Almaden Blvd., Suite 900
       San Jose, California 95113
5      Telephone: (408) 535-5082
       FAX: (408) 535-5081
6      claire.cormier@usdoj.gov

7  Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN VENTIMIGLIA, individually, and as the Guardian Ad Litem for STEPHEN VENTIMILIA and KELLIE VENTIMILIA,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, CHAMBLIN-LANDES CONSTRUCTION, INC., a California corporation, and DOES 1-50, inclusive,<br><br>        Defendants | No. 07-05481 RS<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: February 27, 2008<br>Time: 2:30 p.m.<br>Courtroom 4, 5th Floor<br>Honorable Richard Seeborg |

The parties submit the following joint management conference statement. Where the parties do not agree on facts or other issues, they have attempted to state to which party a statement or contention should be attributed.

**1.   Jurisdiction and Service.**

There are no counterclaims and no issues exist as to personal jurisdiction or venue. All named defendants have been served, except for those fictitiously named. Answers to plaintiff's complaint have been filed and served upon plaintiff by both defendants. As to defendant United States of America, this action arises under the Federal Tort Claims Act ("FTCA").

//

JOINT CASE MANAGEMENT STATEMENT
Case No.  07-05481 RS

Defendant USA has asserted an affirmative defense of lack of subject matter jurisdiction due to the discretionary function exception in the FTCA. 28 U.S.C. § 2680(a).

**2.    Facts**

This is a wrongful death action. Plaintiff's decedent, Joseph Ventimiglia, was playing golf by himself at the Monterey Pines Golf Course in Monterey, California on or about November 29, 2005. Plaintiff alleges that Mr. Ventimiglia slipped and fell into a pond located at the golf course and that he was unable to get out of the pond due to the design of the pond. No one witnessed the incident. Mr. Ventimiglia's body was found in the pond the next day.

Plaintiff is Kathleen Ventimiglia, decedent's widow. She is also acting as the guardian ad litem for her children, Stephen and Kellie Ventimilia.

The Monterey Pines Golf Course is owned and operated by defendant United States of America, through the Department of the Navy.

Defendant Chamblin-Landes Construction, Inc. performed work related to the subject pond.

Plaintiff contends that the pond represented an unreasonably dangerous condition, which led to the death of Mr. Ventimiglia. Defendants deny plaintiff's allegations of negligence.

**3.    Legal Issues**

A.    Whether the discretionary function exception to the Federal Tort Claims Act bars plaintiff's claims against the United States.

B.    Whether conduct on the part of plaintiff's decedent was the proximate or legal cause of his death.

C.    Whether conduct on the part of the defendants was the proximate or legal cause of plaintiff's decedent's death.

**4.    Motions**

No motions are pending. Defendant USA anticipates filing a motion to dismiss or motion for summary judgment relating to the discretionary function exception to the Federal Tort Claims Act.

**5.    Amendment of Pleadings**

None anticipated at this time.

**6.    Evidence Preservation**

All parties have taken steps to preserve relevant evidence. The parties are unaware at this time of any document destruction program or of erasures of any electronically recorded material relevant to the issues herein.

**7.    Disclosures**

All parties will complete initial disclosures prior to the case management conference.

**8.    Discovery**

At this time, the parties believe that the discovery should follow the restrictions stated in the Federal Rules of Civil Procedure. The parties currently anticipate propounding written discovery, including interrogatories, document requests, and subpoenas for records, as well as taking various depositions. If the case proceeds past the motion stage, the parties anticipate hiring experts on a variety of subjects, possibly including golf course design issues and economic damages.

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

Plaintiff seeks general and special damages according to proof, as well as prejudgment interest and fees and costs.

**12.    Settlement and ADR**

The parties believe that any ADR proceeding is likely to be more useful after some reasonable opportunity for discovery and defendant USA's anticipated motion. Because the alleged damages in this case are substantial, and because the defendants dispute liability, the parties do not believe that early ADR would be productive. However, at the appropriate time,

//

the parties are agreeable to a settlement conference with a Magistrate Judge or private mediation.

### 13. Consent to Magistrate Judge for All Purposes

All parties consent to proceedings before a magistrate judge.

### 14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Except as noted above with regard to the discretionary function exception, the parties do not anticipate that issues can be narrowed by motion.

### 16. Expedited Schedule

The parties do not request an expedited schedule.

### 17. Scheduling

Defendant USA believes that its motion regarding subject matter jurisdiction could be filed within approximately 90 days.  Accordingly, defendant USA proposes that the Court conduct another case management conference following the hearing on that motion, at which time the remainder of the case schedule can be set.

### 18. Trial

As to defendant USA, the FTCA requires a bench trial. Plaintiff and defendant Chamblin-Landes Construction, Inc. have demanded a jury trial.  Should this case proceed to trial as to all defendants, the parties estimate that the trial will take approximately 4-5 court days.

### 19. Disclosure of Non–party Interested Entities or Persons

While the parties have not filed a "Certification of Interested Entities or Persons," the parties are not aware of any nonparties with a financial interest in this action, or any other kind of interest that could be substantially affected by the outcome of the proceeding.  Plaintiff does acknowledge that her legal counsel will be compensated only if she recovers for her and her children's damages herein.

**20.    Other Matters**

At this time, the parties know of no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

                                          Respectfully submitted,

DATED: February 6, 2008                JOSEPH P. RUSSONIELLO
                                                United States Attorney

                                                /s/ Claire T. Cormier

                                                CLAIRE T. CORMIER
                                                Assistant United States Attorney

DATED: February 6, 2008                CORSIGLIA, McMAHON & ALLARD LLP

                                                /s/ electronic signature authorized

                                                BRADLEY M. CORSIGLIA
                                                Attorneys for Plaintiffs

DATED: February 6, 2008                EMERSON, COREY & SORENSEN

                                                /s/ electronic signature authorized

                                                JAMES D. EMERSON
                                                Attorneys for Defendant,
                                                Chamblin-Landes Construction, Inc.