1   **BRADLEY M. CORSIGLIA, ESQ.** SBN 117004
    **CORSIGLIA MCMAHON & ALLARD** LLP
2   96 NORTH THIRD STREET, SUITE 620
    SAN JOSE, CALIFORNIA 95112
3   TELEPHONE: (408) 289-1417
    FAX: (408) 289-8127
4

5   ATTORNEYS FOR PLAINTIFFS,
    KATHLEEN VENTIMIGLIA, individually, and as the Guardian
6   Ad Litem for STEPHEN VENTIMILIA and KELLIE VENTIMILIA

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12  KATHLEEN VENTIMIGLIA, individually,         No.  5:07-CV-5481 RS
    and as the Guardian Ad Litem for
13  STEPHEN VENTIMILIA and KELLIE               **NOTICE OF MOTION AND MOTION
    VENTIMILIA,                                 FOR LEAVE TO FILE FIRST
14                                              AMENDED COMPLAINT;
                                                MEMORANDUM OF POINTS AND
15  Plaintiffs,                                 AUTHORITIES AND
                                                DECLARATION OF BRADLEY M.
16          v.                                  CORSIGLIA IN SUPPORT**

17  UNITED STATES OF AMERICA,
    CHAMBLIN-LANDES CONSTRUCTION,               Date:   September 17, 2008
18  INC., a California corporation; WWD         Time:   9:30 a.m.
    CORPORATION, a California corporation;      Dept:   Courtroom 4, 5th Floor
19  DAVID FULLER, individually; JENNIFER        Judge:  Magistrate Judge Richard
    RUDOLPH, individually; LARRY                        Seeborg
20  GABRIEL, individually; LARRY SPENCER
    CONSTRUCTION; and DOES 6-50,
21  inclusive,
                                                Date Filed: 10/26/2007
22

23  Defendants.

24

25

26

27

28

                                        1

**NOTICE OF MOTION AND MOTION**
**FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

TO: ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, September 17, 2008, at 9:30 a.m., or as soon hereafter as the matter may be heard, in the courtroom of the Honorable Magistrate Judge Richard Seeborg, of the above-entitled Court, plaintiffs KATHLEEN VENTIMIGLIA, individually, and as the Guardian Ad Litem for STEPHEN VENTIMILIA and KELLIE VENTIMILIA (Plaintiffs) shall, and hereby do, move the Court for an order granting them leave to file a First Amended Complaint a copy of which is attached hereto as Exhibit "B" pursuant to Northern District Local Rule 10-1.

The proposed First Amended Complaint amends Plaintiffs' initial complaint filed with this Court on October 26, 2007, by:

(1)    Replacing the previously named fictitious defendant DOE 1 with WWD CORPORATION, a California corporation;

(2)    Replacing the previously named fictitious defendant DOE 2 with DAVID FULLER, individually;

(3)    Replacing the previously named fictitious defendant DOE 3 with JENNIFER RUDOLPH, individually;

(4)    Replacing the previously named fictitious defendant DOE 4 with LARRY GABRIEL, individually;

(5)    Replacing the previously named fictitious defendant DOE 5 with LARRY SPENCER CONSTRUCTION;

(6)    Adding identifying information for the above listed newly named defendants in paragraphs 10 through 14;

(7)    Modifying paragraph 21 by adding the newly named defendants as entities or individuals responsible for the "design, re-design, engineering, re-engineering, plan approval, repairs, modifications, and construction" of the subject premises/pond; and

2

(8)    Modifying Plaintiffs' negligence and causation allegations (paragraphs 33 and 34) to include the above listed, newly named defendants;

No substantive changes are made in the First Amended Complaint other than adding the newly named defendants pursuant to Federal Rules of Civil Procedure, Rule 15(a).

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Bradley M. Corsiglia filed concurrently herewith, all of the records and files in this action, and such additional matters of which the Court may take judicial notice or come before the Court at the hearing on this matter.

Dated: August 12, 2008                    CORSIGLIA, MCMAHON & ALLARD, LLP


By:    //S
BRADLEY M. CORSIGLIA, ESQ


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs first brought suit in this Court on October 26, 2007.  The initially named defendants were the UNITED STATES OF AMERICA and CHAMBLIN-LANDES CONSTRUCTION, INC., a California corporation.  Federal jurisdiction was obtained pursuant to the Federal Tort Claims Act.  (A true and correct copy of Plaintiffs initial complaint is attached to the Declaration of Bradley M. Corsiglia  as Exhibit "A" [Docket #1].)

The United States of America was responsible for the ownership, control, maintenance, design and construction of the Monterey Pines Golf Course (MPGC).

1  Defendant Chamblin-Landes Construction was responsible for re-design, repairs,

2  modifications, and construction of a water filled pond located on said golf course.

3  On or about November 29, 2005, decedent Joseph Ventimiglia ("Decedent")

4  drowned while golfing at MPGC.  Decedent was playing golf at the defendant Navy's

5  golf course when he accidently slipped and fell into the pond located at or about the

6  third hole of said course.  Because of the unreasonably dangerous condition of the golf

7  course and its pond on said day – including among other things its design and

8  construction with an unreasonably slick liner and an unreasonably's steep slope –

9  Decedent fell into the pond and was then unable to extricate himself, thereby

10  unnecessarily drowning.

11  Since the initial filing of this action, Plaintiffs have engaged in extensive

12  discovery and investigation.  As a consequence of these efforts, Plaintiffs have

13  discovered that some additional entities and individuals were responsible for the design,

14  re-design, engineering, re-engineering, plan approval, repairs, modifications, and

15  construction of the golf course pond in question.  Accordingly, by this motion, Plaintiffs

16  move to file a First Amended Complaint which inserts in place of the previously named

17  fictitious defendants DOES 1 through 5, defendants WWD CORPORATION, DAVID

18  FULLER, JENNIFER RUDOLPH, LARRY GABRIEL, and LARRY SPENCER

19  CONSTRUCTION, respectively.  (A copy of said proposed First Amended Complaint is

20  attached to the Declaration of Bradley M. Corsiglia as Exhibit "B.")

II.

**ARGUMENT**

23  Federal Rules Of Civil Procedure, Rule 1(a), provides in pertinent part:

24  (a) Amendments Before Trial.  (1) Amending as a Matter of Course.  A party may

25  amend its pleading once as a matter of course:  (A) before being served with a

26  responsive pleading; or  (B) within 20 days after serving the pleading if a responsive

27  pleading is not allowed and the action is not yet on the trial calendar.  (2) Other

28  Amendments.  In all other cases, a party may amend its pleading only with the

4

1   opposing party's written consent or the court's leave. The court should freely give leave

2   when justice so requires.

3        Although defendants UNITED STATES OF AMERICA and CHAMBLIN-LANDES

4   CONSTRUCTION have answered Plaintiffs' initial complaint, the proposed First

5   Amended Complaint does not substantively affect these defendants since the sole

6   purpose of the First Amended complaint is to simply replace the previously named

7   fictitious defendants, DOES 1 through 5, with newly named defendants WWD

8   CORPORATION, DAVID FULLER, JENNIFER RUDOLPH, LARRY GABRIEL, and

9   LARRY SPENCER CONSTRUCTION, respectively.

10       The proposed amendment complies with Federal Rule of Civil Procedure,

11  Rule 15(c)(1)(B) in that each amendment asserts a claim against the newly named

12  defendants that arose out of the conduct, transaction, or occurrence set out - or

13  attempted to be set out - in the Plaintiffs' original pleading.

14       Plaintiffs are informed and believe that the naming of these five defendants will

15  not defeat federal court jurisdiction since the court today retains jurisdiction pursuant to

16  the Federal Tort Claims Act.

17

18  Dated: August 12, 2008                CORSIGLIA, MCMAHON & ALLARD, LLP

19

20

21                                  By: ___//S_____
22                                       BRADLEY M. CORSIGLIA, ESQ

23

24              **DECLARATION OF BRADLEY M. CORSIGLIA**

25       I, BRADLEY M. CORSIGLIA, do hereby declare as follows:

26  1)   I am an attorney at law, licensed to practice before all courts of the State

27       California as well as the Federal District Court for the Northern District of

28       California, and am a partner in a law firm of Corsiglia, McMahon & Allard LLP,

---

5

1    attorneys of record for Plaintiffs in the above-captioned matter.  Unless otherwise

2    stated, each assertion made in this declaration is of my own personal knowledge

3    and if I were called, I could competently testify thereto.

4  2)  Plaintiffs first brought suit in this Court on October 26, 2007.  The initially named

5    defendants were the UNITED STATES OF AMERICA and CHAMBLIN-LANDES

6    CONSTRUCTION, INC., a California corporation.  Federal jurisdiction was

7    obtained pursuant to the Federal Tort Claims Act.  (A true and correct copy of

8    Plaintiffs initial complaint is attached hereto as Exhibit "A" [Docket #1].)

9  3)  I am informed and believe, and on that basis alleged, that the UNITED STATES

10    OF AMERICA was responsible for the ownership, control, maintenance, design

11    and construction of the Monterey Pines Golf Course (MPGC).  I am further

12    informed and believe that Defendant CHAMBLIN-LANDES CONSTRUCTION,

13    INC. was responsible for re-design, repairs, modifications, and construction of a

14    water filled pond located on said golf course.

15  4)  On or about November 29, 2005, Decedent, Joseph Ventimiglia, drowned while

16    golfing at MPGC.  Decedent was playing golf at the defendant Navy's golf course

17    when he accidently slipped and fell into the pond located at or about the third

18    hole of the golf course.   I am informed and believe that because of the

19    unreasonably dangerous condition of the pond on said day – including among

20    other things its design and construction with an unreasonably slick liner and an

21    unreasonably's steep slope – Decedent fell into the pond and was unable to

22    extricate himself from the pond thereby unnecessarily drowning.

23  5)  Since the initial filing of this action, Plaintiffs have engaged in extensive

24    discovery and investigation.  As a consequence of these efforts, Plaintiffs have

25    discovered facts suggesting that some additional entities and individuals were

26    responsible for the design, re-design, engineering, re-engineering, plan approval,

27    repairs, modifications, and construction of the golf course pond in question.

28    Accordingly, by this motion, Plaintiffs move to file a First Amended Complaint

6

which inserts in place of the previously named fictitious defendants, DOES 1
through 5, defendants WWD CORPORATION, DAVID FULLER, JENNIFER
RUDOLPH, LARRY GABRIEL, and LARRY SPENCER CONSTRUCTION,
respectively.

6)      The proposed amendment complies with the Federal Rules of Civil Procedure,
Rule 15(c)(1)(B), in that each the amendment asserts a claim or defense that
arose out of the conduct, transaction, or occurrence set out - or attempted to be
set out - in the Plaintiffs' original pleading.

7)      Pursuant to Northern District Local Rule 10-1 a true and correct copy of Plaintiffs'
proposed First Amended Complaint is attached hereto as Exhibit "B."

        I declare under penalty of perjury, pursuant to the laws of the State California,
that foregoing is true and correct.


Dated: August 12, 2008                By: ____//S_____
                                           BRADLEY M. CORSIGLIA, ESQ