JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
Facsimile:  (408) 535-5081
claire.cormier@usdoj.gov

**E-filed May 24, 2010**

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KATHLEEN VENTIMIGLIA, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. C 07-05481 HRL

**STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER**

It is hereby stipulated by and between each of the undersigned parties, by and through their respective attorneys and representatives, as follows:

1. The parties to this Stipulation of Settlement ("Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and this litigation under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, or by any other defendant in this case, their insurers, or their agents, servants, employees or heirs,

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

-1-

and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed wrongful death claims under the Federal Tort Claims Act or state law and avoiding the expenses and risks of further litigation.

3. In consideration for the parties' agreement to accept the terms and conditions of this settlement, defendant United States and the other named defendants in this case (by their respective insurers) agree to pay the combined cash sum of $1,475,000.00 (hereinafter "Settlement Amount") to be paid as follows. subject to the further terms and conditions set forth in this Stipulation:

By Defendant United States: $750,000.00.

By Defendant Chamblin-Landes Construction:$325,000.00.

By Defendant WWD Corporation:$325,000.00.

By Defendant Larry Spencer Construction: $75,000.00

The total Settlement Amount shall be allocated $737,500.00 to KATHLEEN VENTIMIGLIA, individually; $368,750.00 to KELLIE VENTIMILIA; and $368,750.00 to KATHLEEN VENTIMIGLIA as Guardian Ad Litem for S█████ V█████.

A. Within three business days after counsel for the Defendants receive any necessary information from plaintiffs regarding how payment of the Settlement Amount should be accomplished (e.g., check payees or electronic banking information) and the Court's Order approving this Stipulation, counsel for each defendant will send a formal request for a check, checks, or electronic fund transfer for its portion of the Settlement Amount payable to plaintiffs and their attorneys. It is understood that counsel for United States cannot guarantee by when payment of the United States' portion of the Settlement Amount will be received. Upon receipt of the settlement checks, counsel for each defendant will promptly forward the settlement checks to plaintiffs' counsel. The defendants shall have no obligation to forward the settlement checks to plaintiffs' counsel unless plaintiffs' counsel has provided defendants' counsel with a signed stipulation of dismissal, as described in paragraph 6, below.

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

B. With respect to the payment of the Settlement Amount, the plaintiffs stipulate and agree that:

i. Unless otherwise agreed in the mediation, the United States will not sign any annuity application form or uniform qualified assignment form or any equivalent form; nor will the United States pay its portion of the Settlement Amount into a qualified settlement fund or its equivalent. However, nothing in this paragraph precludes the plaintiffs from purchasing standard, non-structured settlement annuities after the plaintiffs have cashed their settlement checks.

ii. The plaintiffs will endorse the settlement checks over to their attorneys to be deposited in the attorneys' client trust account to facilitate the disbursement of any amounts authorized by the approving court.

iii. Each plaintiff agrees that any attorneys' fees owed by that plaintiff in his or her Federal Tort Claims Act suit against the United States shall not exceed 25% of the United States' portion of the Settlement Amount. 28 U.S.C. § 2678. Each plaintiff further agrees that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount paid pursuant to this paragraph and not in addition thereto. Each plaintiff agrees that any fees for legal services for that plaintiff incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in addition thereto. All settling parties shall bear their own costs and attorneys' fees, except Larry Spencer Construction agrees to pay plaintiffs' portion of the mediator's fees.

C. Each plaintiff stipulates and agrees that he or she is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement against that plaintiff, including any past, present, and future liens or claims for payment or reimbursement by any public entity or body, including any federal, State, or local government, including Medicare

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

and Medicaid, any insurance company, and any private individual or entity, arising from the injuries that are the subject matter of this action. Each plaintiff stipulates and agrees that he or she will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement against that plaintiff asserted by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity. Each plaintiff and his or her attorneys represents that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement against that plaintiff arising from the injuries that are the subject matter of this action. Each plaintiff and his or her attorneys hereby represents that he or she is not aware of any liens or claims for payment or reimbursement relating in any way to this action. Each plaintiff and his or her guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Navy, and their agents, servants, and employees, and the other defendants, their insurers, agents, servants, employees or heirs, from and against any and all such liens or claims of that plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action by that plaintiff.

      D. This settlement, including but not limited to the compromise of the minor's claim, is subject to the approval of the Court.

      E. This settlement resolves all claims or potential claims by any party to this action arising out of the death of Joseph Ventimiglia and this litigation, including but not limited to any potential claims for subrogation, indemnity, or contribution by any party or its insurer.

      4. Plaintiffs and their respective guardians, heirs, executors, administrators, and assigns do hereby accept their respective shares of the Settlement Amount set forth above in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for wrongful death, any claims for pre-judgment or post-judgment interest, and any claims for fees, costs, and expenses, whether

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

incurred in the district court, the court of appeals, or in any other court proceedings, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States of America, the United States Navy, or their agents, servants, and employees, or against the other named defendants or their insurers, agents, servants, employees or heirs, on account of the same subject matter that gave rise to the above-captioned action. Each plaintiff and his or her guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Navy, and their agents, servants, and employees, and the other defendants, their insurers, agents, servants, employees or heirs, from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statutory) of that plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action by that plaintiff, including claims or causes of action for the death of Joseph Ventimiglia.

    5. This compromise settlement is specifically subject to each of the following conditions:

        A. The parties agree that this Stipulation sets forth all of the terms, conditions, and requirements of settlement of this action. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

        B. Plaintiffs must be alive at the time the settlement checks are transmitted by defendants' counsel to plaintiffs' counsel. In the event of the death of any of the plaintiffs prior to the date of such transmission, the entire Stipulation and the compromise settlement are null and void.

        C. Each non-federal defendant agrees to waive and release any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that it has or may have in the

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

future against the United States, its agents, servants, and employees arising out of the subject matter of the above-captioned action or this litigation. This includes any potential claim for subrogation, contribution, or indemnification. This condition is for the benefit of the United States exclusively.

D. The United States District Court for the Northern District of California agrees to dismiss the district court action with prejudice, with each party bearing its own fees, costs, and expenses.

E. Plaintiffs represent that they are the only heirs at law of decedent Joseph Ventimiglia, and that they are the only proper claimants for the wrongful death of the decedent. In the event that representation turns out to be inaccurate, each plaintiff agrees to defend and indemnify all defendants in any action brought by other claimants for the wrongful death of Joseph Ventimigila.

6. The parties agree that, upon approval by the Court of this Stipulation, counsel for all parties shall sign a stipulation of dismissal with prejudice and proposed order which states:

> Pursuant to Federal Rule of Civil Procedure Rule 41(a)(2) and the Stipulation for Settlement and Order filed in this action, plaintiffs and defendants, through their attorneys of record, hereby stipulate and agree that the above-referenced action is dismissed with prejudice in its entirety, with each party bearing its own fees, costs, and expenses. Pursuant to Section 3612(a) of the California Probate Code, the Court shall have continuing jurisdiction of the money paid or to be paid, delivered, deposited, or invested for the benefit of the minor, Stephen Ventimilia, until he reaches 18 years of age. The Court shall not otherwise retain jurisdiction over this action, the settlement, or any other matter pertaining to this action or the settlement.

Counsel for the United States will retain the signed stipulation of dismissal until all defendants have paid to plaintiffs their respective portions of the Settlement Amount. Plaintiffs' counsel shall promptly notify defendants' counsel when he has received all settlement checks. The parties agree that, upon receipt of all of the settlement checks by plaintiffs' counsel, counsel for United States is authorized to file with the Court the stipulation of dismissal. Subject to the terms and conditions set forth in Paragraph 3, above, plaintiffs' attorneys agree to distribute the Settlement Amount as provided herein after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

terms of this Stipulation, and attorneys fees and expenses.

    7. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

    8. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

    9. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

    10. It is contemplated that this Stipulation may be executed in several counterparts, with multiple signature pages. All such counterparts and signature pages, together, shall be deemed to be one document.

    11. The Court finds that the settlement of the claim of S███ V███████, a minor, is fair, reasonable, just and in his best interest. In so finding, the Court notes that defendants are

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

disputing liability and intended to file motions for summary judgment on the grounds of discretionary function sovereign immunity (as to defendant United States), no duty, no breach of duty, and speculative causation. The Court further notes that defendants also contend that the decedent was primarily if not solely responsible for his own death. The Court further notes that the settlement of the minor's claim resulted from a mediation with a reputable and experienced mediator, Charles F. Hawkins. It thus appears that the settlement of the claim of S▮ V▮ is a reasonable compromise of his disputed wrongful death claim to avoid the expenses and risks of further litigation. Therefore, the Court hereby approves said compromise of the minor's claim.

12. The signatories to this Stipulation have actual authority to bind the parties.

**IT IS SO STIPULATED.**

Dated: May 19, 2010

JOSEPH P. RUSSONIELLO
UNITED STATES ATTORNEY

By: _____
Claire T. Cormier
Assistant United States Attorney
Attorney for Defendant USA

Dated: May 19, 2010

CORSIGLIA MCMAHON & ALLARD LLP

By: _____
Bradley M. Corsiglia
Attorneys for Plaintiffs

Dated: May 19, 2010

EMERSON, COREY, SORENSEN, CHURCH & LIBKE

By: _____
James D. Emerson
Attorneys for Defendant Chamblin-Landes Construction, Inc.

Dated: May 19, 2010

SEVERSON & WERSON

By: _____
Austin B. Kenney
Attorneys for Defendant WWD Corporation

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Nos. C 07-05481 HRL

```
 1   Dated: May 19, 2010              VAN DE POEL, LEVY & ALLEN, LLP

 2                                    By: /s/ Jeffrey W. Allen
 3                                        Jeffrey W. Allen
                                          Attorneys for Defendant Larry Spencer Construction
 4
 5                              APPROVAL BY THE PLAINTIFFS

 6
     DATED: May 19, 2010          _____
 7                                Plaintiff Kathleen Ventimiglia, individually

 8
     DATED: May 19, 2010          _____
 9                                Plaintiff Kathleen Ventimiglia, Guardian Ad Litem for
                                  S_____
10   DATED: May 19, 2010          _____
11                                Plaintiff Kellie Ventimilia

12
                          APPROVAL BY DEFENDANTS' REPRESENTATIVES
13
14
     DATED: May 19, 2010          CHAMBLIN-LANDES CONST. INC.
15                                Representative, _____

16
17   DATED: May 19, 2010          W W D CORP
                                  Representative, _____
18
19
     DATED: May 19, 2010          _____
20                                Representative, Larry Spencer / Lincoln General

21
22                              [PROPOSED] ORDER

23       Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

24
25   DATED: May 24, 2010          _____
                                  HOWARD R. LLOYD
26                                United States Magistrate Judge
27
28   STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
     Nos. C 07-05481 HRL
```

-9-